*406 OPINION.
Trammell
: There are two questions involved in this appeal. The first is, whether the profits arising from the business of Berthold Stern Flour Co., during the eleven-month period in 1918 and during 1919, should be included in the taxable income of the taxpayer for 1919; and the second question is, whether the taxpayer is entitled to a deduction on account of the $25,000 paid by him to Stern in settlement of the claim that Stern had against him. The Commissioner held that taxpayer should include in his 1919 income the profits for 1918 and 1919 and might deduct the payment of $25,000.
The contract and arrangement between the taxpayer and Stern, made at the time Stern entered the Army, was verbal. Stern, however, did convey his business to the taxpayer in 1918. There being *407 only personal property involved, the sale could be effectual and binding without a written instrument. The contact entered into, whereby the taxpayer agreed to convey a one-half interest in the property and business back to Stern, is evidence of the fact that the taxpayer did actually acquire the business. He having acquired it, it belonged to him until he disposed of it. It may be true that the court would have canceled the contract and restored the parties to the status they were in before the execution of any agreement relating to the business, but no such order or decree was ever entered. The contract undoubtedly was not void but was binding until it had been revoked or canceled. The recommendation of the master appointed to take the testimony does not have the effect of a decree of the court, and did not cancel or abrogate either the original conveyance to the taxpayer or the contract to reconvey. The fact is that the taxpayer acquired the business in 1918 and remained the owner thereof. Any profits arising therefrom belonged to him. The profits which arose from the business, while it belonged to the taxpayer in 1918, are taxable to him in that year, and those profits which arose in 1919 are taxable in that year.
The question then arises as' to whether the amount of $25,000, paid by the taxpayer in 1919 to Stern, constitutes an ordinary and necessary business expense or a capital expenditure. It was paid to Stern in settlement of litigation over the question as to whether the • conveyance and contract made between the parties were effective. The effect of the payment was that the taxpayer acquired the undisputed ownership of the business and became entitled to all profits arising therefrom. The court, if it had followed the recommendation of the master, would have held that the taxpayer had no interest in the business, except the salary which he drew and certain ■ traveling expenses. It would have put the parties back in the same situation they were in while Stern owned and operated the business himself, and the taxpayer would have been required to account for the profits. By making the payment of $25,000 he saved to himself the business and its profits.
In view of the foregoing facts, we are of the opinion that the said payment amounted to a capital expenditure and was not an ordinary and necessary expense.